IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RANCE WILLIAMS, §<br>#055526, §<br>  §<br>　　　　Petitioner, §<br>  §<br>v. §<br>  §<br>SHERIFF OF NAVARRO COUNTY, §<br>  §<br>　　　　Respondent. § | No. 3:24-cv-02696-K (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

　　　　Texas prisoner Rance Williams initiated this civil action by filing a document that the Court interpreted as possibly seeking federal habeas relief. Compl. (ECF No. 3). But Williams did not (i) file his petition on a court-approved form; or (ii) pay the filing and administrative fee or file a request to proceed *in forma pauperis* (IFP). Accordingly, the Court issued an order and notice of deficiency (NOD) instructing Williams to amend his claims using the appropriate court-approved form (for either a habeas action or a civil rights action) and either pay the filing fee ($5.00 for a habeas case or $405.00 for a civil rights action) or file a request to proceed IFP. NOD (ECF No. 6). The Court warned Williams that his failure to comply could result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow court orders. *Id.* The Court also supplied the forms necessary to comply with the NOD.

Williams's deadline to comply with the Court's order has passed. And while Williams has filed other submissions which indicate his receipt of the Court's instructions and NOD, he has not refiled his claims on a court-approved form and either paid the filing fee or moved for leave to proceed IFP.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

The Court cannot determine the nature of Williams's claims based on the submissions he has filed to date, and this case cannot move forward unless Williams pays the filing fee or obtains leave to proceed IFP. His failure to address the deficiencies identified by the Court indicates an unwillingness or inability to prosecute this action and comply with the federal rules and court orders. Thus, the

Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) unless Williams (1) amends his claims by completing either a form 28 U.S.C. § 2254 habeas petition or a form Section 1983 complaint, and (2) pays the full filing fee or files a proper motion for leave to proceed IFP within the time period to object to this recommendation (explained in more detail below) or by some other deadline established by the Court. *See*, *e.g.*, *Wildhaber v. United States*, 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an [*in forma pauperis*] application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *rec. accepted* 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Strouse v. Mabry*, 2020 WL 13857088, at *2 (N.D. Tex. Nov. 23, 2020) ("The plaintiff failed to comply with the October 26, 2020 order that he file a certificate of inmate trust account or pay the filing fee within twenty-one days despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed."), *rec. accepted* 2021 WL 11718617 (N.D. Tex. Jan. 6, 2021).

## RECOMMENDATION

Unless Rance Williams (1) files a petition or a complaint on the appropriate court-approved form; <u>and</u> (2) pays the appropriate filing fee ($5.00 for a habeas

3

case or $405.00 for a civil rights action) or files an application to proceed *in forma pauperis* within the time to file objections to this recommendation (explained below), or by some other deadline established by the Court, the Court should dismiss his case without prejudice under Fed. R. Civ. P. 41(b) for want of prosecution and for failure to follow Court orders.

SO RECOMMENDED.

October 28, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

4